1  Counsel listed on signature pages

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9 **SAN JOSE DIVISION**

| | |
|---|---|
| 10  CITY OF SAN JOSE, a municipal corporation, | RELATED CASES |
| 11           Plaintiff, | CASE NO. 5:15-cv-03178-EJD |
| 12      v. | **JOINT STATUS REPORT** |
| 13  MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100, | Assigned to Judge Edward J. Davila Courtroom 4 (5th Floor) |
| 14  | Date:       August 23, 2018  Time:       10:00 a.m.  File Date:   July 8, 2015  Trial Date:  N/A |
| 15           Defendants. | |
| 16  | |
| 17  CITY OF OAKLAND, a municipal corporation, | CASE NO. 5:15-cv-05152-EJD  File Date: November 10, 2015 |
| 18           Plaintiff, | |
| 19      v. | |
| 20  MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100, | |
| 21  | |
| 22           Defendants. | |
| 23  CITY OF BERKELEY, a municipal corporation, | CASE NO. 5:16-cv-00071-EJD  File Date: January 6, 2016 |
| 24           Plaintiff, | |
| 25      v. | |
| 26  MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION, and DOES 1 through 100, | |
| 27  | |
| 28           Defendants. | |

Pursuant to the Court's February 2, 2018 Order Further Staying Case and Continuing Status Conference in the three above-captioned related cases,[1] Plaintiffs City of San Jose, City of Oakland, and City of Berkeley ("Plaintiffs" or the "Cities"), and Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC ("Defendants"), submit this Joint Status Report.

**1.    Pending Test Claims Before the Commission on State Mandates Are Now Set to Be Heard on January 25, 2019**

The hearing on the consolidated test claims before the Commission on State Mandates ("Commission") challenging certain provisions of a NPDES permit issued in 2009 (the "2009 Permit"), to which the Cities are subject, has been continued from July 27, 2018 to January 25, 2019.[2]

**2.    The Parties' Positions Regarding a Continued Stay of the Related Actions**

**a.    Plaintiffs' Statement**

Consistent with Judge Hayes' ruling in the Southern District of California, any purported requirement regarding administrative exhaustion does not apply to Plaintiffs' tort cases. And, consistent with Plaintiffs' argument regarding unnecessary delay and prejudice to plaintiffs in prosecuting their claims, Plaintiffs now request and urge this Court to immediately lift the stay on theses tort cases for two reasons: (1) there is no legal or other requirement whatsoever to exhaust administrative remedies when seeking tort damages in a court of law, and (2) staying these tort cases due to wholly independent and legally unrelated administrative proceedings prejudices the Plaintiffs because their cases become arbitrarily, unjustifiably, and indefinitely delayed. As Judge Hayes notes on page 20 of his November 22, 2017 Order, "the City brings a cause of action in tort for public nuisance against a private entity pursuant to applicable sections of the California Civil Code and the California Code of Civil Procedure. California law does not

---

[1] San Jose Action, ECF No. 160; Oakland Action, ECF No. 130; Berkeley Action, ECF No. 123.

[2] Comm'n on State Mandates, *Pending Test Claims* (July 27, 2018), attached hereto as Attachment A.

establish an administrative procedure for a public nuisance claim. *See* Abelleira, 109 P.2d at 949."

Additionally, under the estimated timeline provided by Defendants below, a proposed decision on the unrelated administrative proceedings will not be issued by the Commission until at least March 2019. This is the exact type of prejudicial delay that Plaintiffs are and continue to be concerned with, especially in light of the fact that there is no administrative procedure required for their public nuisance claims.

### b. Defendants' Statement

These three related cases should remain stayed until the pending test claims before the Commission have been resolved. When the Parties submitted the previous February 1, 2018 Joint Status Report, the hearing on the three consolidated test claims challenging the 2009 Permit was set for July 27, 2018. *See* San Jose Action, ECF No. 159. The administrative record closed on July 18, 2017 for two of the test claims, and on September 26, 2017 for the third. *See* Att. A (defining the record closure date as "the date that the comment period on the filing ended and the test claim is ready for staff analysis"). The Commission's docket now sets the hearing date for January 25, 2019. *See* Att. A. Commission staffing and workload can impact when a test claim is heard, and the Commission confirms the hearing date when it issues its proposed decision. *See id.*, n. 1 & 2. The proposed decision must be issued at least eight weeks before the hearing date (Cal. Code Regs. § 1183.6(b)), so the proposed decision on the test claims challenging the 2009 Permit may be issued no later than November 30, 2018, assuming the matter is heard by the Commission on January 25, 2019, as currently scheduled.

In addition, as of February 1, 2018, the test claim by Union City challenging provisions of a NPDES permit issued by the State in 2015 (the "2015 Permit"), to which the Cities are also subject,[3] was set to be heard on September 28, 2018. *See* San Jose Action, ECF No. 159. Since February 2018, the test claimant requested an extension of time to submit rebuttal comments, and

---

[3] All co-permittees may claim reimbursement, even if they do not join in the test claim. 2 Cal. Code Regs. § 1183.1; *Cty. of San Diego v. Comm'n on State Mandates*, 7 Cal. App. 5th 12, 20 (2016).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\102667813

2

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD
JOINT STATUS REPORT

the Commission continued the hearing to March 2019.[4]  As of July 27, 2018, the hearing date is now May 24, 2019.  *See* Att. A.  The record for this test claim closed on May 29, 2018.  *See id*.  Based on the May 24, 2019 hearing date, the Commission should issue its proposed decision no later than March 29, 2019.

No other permits are at issue in the Cities' FACs, and thus no future test claims challenging provisions of yet-to-be-issued permits would implicate these cases.

By regulation, the Commission strives to issue a decision within 10 days of the hearing, 2 Cal. Code Regs. § 1183.18, and the Commission's ultimate unfunded mandate determination regarding the test claims challenging the 2009 and 2015 Permits should be streamlined by guidance from the California Supreme Court's decision in *Dep't of Finance v. Comm'n on State Mandates*, 1 Cal. 5th 749 (2016), and the California Court of Appeal's decision in *Dep't of Finance v. Comm'n on State Mandates*, 18 Cal. App. 5th 661 (2017).[5]  Both rulings establish that State-imposed storm water permit compliance costs are to be reimbursed by the State.

Completion of the Commission proceedings now set for January 25, 2019 and May 24, 2019, will moot or substantially narrow the claims and damages at issue in these cases, such that continuing the stay will avoid a needless waste of judicial and private resources.  The stay also preserves the Commission's role as the "sole and exclusive" body to resolve unfunded mandate claims, Cal. Gov. Code §17552.  There is no basis to depart from the Court's earlier and correct

---

[4] *See* Docket, Cal. Reg'l Water Quality Control Bd., San Francisco Region, Order No. R2-2015-0049, 16-TC-03, available at: https://csm.ca.gov/matters/16-TC-03.php (claimant requested extension on March 6, 2018 and April 19, 2018).  In response to the April 19, 2018 request for extension, the Commission continued the hearing to March 22, 2019.  *See* Notice of Extension Request Approval (Apr. 24, 2018), available at: https://csm.ca.gov/matters/16-TC-03/doc19.pdf.

[5] On December 19, 2017, the Court of Appeal affirmed the Commission's decision that 10 categories of storm water permit costs totaling up to $66 million sought by the City of San Diego and other municipalities to comply with a Southern California regional storm water permit are unfunded State mandates.  *See Dep't of Finance v. Comm'n on State Mandates*, 18 Cal. App. 5th 661 (2017).  Relying on the 2016 California Supreme Court's decision in *Department of Finance*, which had not been issued when the trial court ruled, the Court of Appeal reversed the trial court's judgment in favor of the State.  *See* 18 Cal. App. 5th at 667.  The Court of Appeal held that storm water discharge permit conditions imposed pursuant to the State's discretion are unfunded mandates to be reimbursed by the State.  *See id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\102667813

3

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD
JOINT STATUS REPORT

conclusion that "the Cities must exhaust their administrative remedies before they can seek relief from the courts." *See* San Jose Action, Order Granting Defendants' Motion to Stay, ECF No. 144, at 5:25-26 (Aug. 4, 2017).

Further, neither the Southern District of California's original ruling on exhaustion nor its subsequent ruling denying reconsideration should impact the stay in these cases, as this Court already considered the Southern District's original ruling in this Court's denial of Plaintiff's Motion for Leave to File Motion for Reconsideration. San Jose Action, ECF No. 158. Importantly, the Southern District did not analyze prudential exhaustion at all in its original ruling, which concluded merely that "prudential exhaustion is not warranted at this stage in proceedings." *See City of San Diego v. Monsanto Co.*, 2017 U.S. Dist. LEXIS 193570, at *34 (S.D. Cal. Nov. 22, 2017). In its subsequent ruling, the Southern District determined that prudential exhaustion is not warranted because the Commission has no expertise in public nuisance cases. *See City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1063 (S.D. Cal. 2018). Respectfully, the Southern District's ruling disregards the City of San Diego's complaint, like those filed by the Cities of San Jose, Oakland and Berkeley, which seeks damages that stem from the Cities' permit compliance costs. The Commission unquestionably has the expertise— as well as a constitutional duty (Cal. Gov. Code § 17500)—to determine whether permit compliance costs are unfunded State mandates. The Commission's determination regarding the amount that the plaintiff-municipalities are to be reimbursed by the State will moot or substantially narrow the scope of the Cities' actions and damages, which in turn will reduce the scope of discovery and motion practice and result in a more streamlined process.

In addition, Defendants respectfully disagree with the Southern District's determination that allowing the City of San Diego's lawsuit to proceed will not create a judicial bypass of the Commission's mandatory and exclusive administrative process. *City of San Diego*, 310 F. Supp. 3d at 1063. A failure to require exhaustion will risk adverse systemic consequences, as other municipalities will be invited to litigate tort actions during or in lieu of administrative proceedings for the same permit compliance costs. In issuing its subsequent ruling, the Southern District overlooked that California courts routinely apply prudential exhaustion to bar third-party

LATHAM&WATKINS<sup>LLP</sup>  US-DOCS\102667813
ATTORNEYS AT LAW
SAN DIEGO

4

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD,
5:16-cv-00071-EJD
JOINT STATUS REPORT

litigation in the context of an insured that chooses to sue an insurance company before seeking administrative relief from the California Insurance Commission—a factually analogous scenario to the litigation pending before this Court.  *See*, *e.g.*, *Jonathan Neil & Assoc., Inc. v. Jones*, 33 Cal. 4th 917, 923 (2004); *Barnes v. State Farm Mutual Auto. Ins. Co.*, 16 Cal. App. 4th 365, 381 (1993); *P.W. Stephens, Inc. v. State Compensation Ins. Fund*, 21 Cal. App. 4th 1833, 1842 (1994); *Wilkinson v. Norcal Mutual Ins. Co.*, 98 Cal. App. 3d 307, 313-14 (1979).

Defendants also respectfully submit that the Southern District improperly disregarded the significance of the Court of Appeal's 2017 *Dep't of Finance* decision, which found that 10 categories of storm water permit compliance costs sought by the City of San Diego and other municipalities are unfunded State mandates, especially given that the Southern District acknowledged that "there may ultimately be some overlap between the permit compliance costs sought from the state as unfunded state mandates and the tort damages sought" from Defendants. *City of San Diego*, 310 F. Supp. 3d at 1064.  In addition, the Southern District failed to consider or distinguish this Court's ruling on exhaustion, including in its determination that interlocutory appeal is not warranted.  *See id.*; *City of San Diego*, 2017 U.S. Dist. LEXIS 193570.

The Central District of California has not ruled on Defendants' pending motion to dismiss or stay the City of Long Beach's suit pending exhaustion of administrative remedies. Briefing was completed on October 5, 2017, but oral argument has not been scheduled.

Dated:  August 16, 2018

LATHAM & WATKINS LLP

By: */s/ Andrea M. Hogan*

LATHAM & WATKINS LLP
Andrea M. Hogan (Bar No. 238209)
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:  415.391.0600
Facsimile:  415.395.8095
Email:  andrea.hogan@lw.com

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\102667813

5

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD
JOINT STATUS REPORT

Robert M. Howard (Bar No. 145870)
12670 High Bluff Drive
San Diego, California  92130
Telephone:  858.523.5400
Facsimile:  858.523.5450
Email:  robert.howard@lw.com

*Attorneys for Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC*

Dated:  August 16, 2018

GOMEZ TRIAL ATTORNEYS

By: */s/ John P. Fiske*

GOMEZ TRIAL ATTORNEYS
John H. Gomez (SBN 171485)
John P. Fiske (SBN 249256)
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone:  619.237.3490
Fax:  619.237.3496
John@thegomezfirm.com
Fiske@thegomezfirm.com

BARON & BUDD, P.C.
Scott Summy (Pro Hac Vice)
(Texas Bar No. 19507500)
Carla Burke (Pro Hac Vice)
(Texas Bar No. 24012490)
Celeste Evangelisti (SBN 225232)
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219-4281
Telephone:  214.521.3605
Fax:  214.520.1181
ssummy@baronbudd.com
cburkepickrel@baronbudd.com
cevangelisti@baronbudd.com

*Attorneys for the City of San Jose, City of Berkeley and City of Oakland*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\102667813

6

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD
JOINT STATUS REPORT

**ATTORNEY ATTESTATION**

I, Andrea M. Hogan, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated:  August 16, 2018  LATHAM & WATKINS LLP

By: */s/ Andrea M. Hogan*
Andrea M. Hogan
*Attorneys for Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\102667813

7

CASE NOS. 5:15-cv-03178-EJD, 5:15-cv-05152-EJD, 5:16-cv-00071-EJD
JOINT STATUS REPORT